UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHERRY SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1461** |
| **FRENCH QUARTER GUEST HOUSE** | **SECTION "H"(4)** |

### ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (R. Doc. 8). For the following reasons this Motion is GRANTED. Plaintiff's Title VII claims are DISMISSED WITH PREJUDICE. All other claims are DISMISSED WITHOUT PREJUDICE, and Plaintiff is granted leave to amend.

### BACKGROUND

This is a civil action for damages caused by employment discrimination. Plaintiff Sherry Smith, proceeding *pro se*, alleges that she was fired from her job as a housekeeper at Defendant French Quarter Guest House after just three

1

months because of her height. Plaintiff's Complaint states that management told her that it "had a problem with [her] height" and that her height "was a problem on the job." After being fired, Plaintiff obtained a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") prior to filing this action.

Defendant has filed the instant Motion pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), alleging that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] The complaint must contain enough factual allegations to raise

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[8]

## LAW AND ANALYSIS

Plaintiff's Complaint makes it clear that she is asserting a disparate treatment employment discrimination claim. Federal job discrimination laws protect a wide range of people under Title VII, the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), and the Equal Pay Act (EPA).[9] Plaintiff's Complaint does not indicate under which discrimination law she seeks to bring suit. Because her Complaint does not allege age or pay discrimination, it is clear to this Court that the ADEA and EPA are inapplicable, and Title VII and the ADA are the only potentially applicable laws. This Court will address each in turn.

---

[6] *Lormand*, 565 F.3d at 255–57.

[7] *Jones v. Bock,* 549 U.S. 199, 215 (2007).

[8] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

[9] 2 EMP. DISCRIM. COORD. ANALYSIS OF FEDERAL LAW § 18:1 (Dec. 2014).

### A. Title VII

Title VII states that an employer cannot discriminate on the basis of an individual's "race, color, religion, sex, or national origin."[10] It is well-settled that Title VII does not seek to protect employees from every kind of discrimination. It is directed only at the "specific impermissible bases of discrimination" enumerated by statute.[11] Plaintiff alleges that she was fired because of her height. Height is not one of the enumerated, protected characteristic under Title VII. Accordingly, even if it is true that Plaintiff was fired based on her height, Title VII does not protect her from discrimination on that basis. Therefore, Plaintiff's Complaint fails to state a plausible Title VII claim, and to the extent that her Complaint attempts to bring a Title VII claim, it is dismissed with prejudice.

### B. ADA

Plaintiff's Complaint also fails to assert a claim under the ADA. The ADA protects qualified individuals with disabilities from discrimination in employment.[12] A prima facie case requires the plaintiff to show, among other things, that he or she has a disability under the terms of the ADA.[13] The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities[14] of such individual; a record of such an

---

[10] 42 U.S.C. § 2000e-2 (West 2014).

[11] *Garcia v. Gloor*, 618 F.2d 264, 269 (5th Cir. 1980).

[12] 2 EMP. DISCRIM. COORD. ANALYSIS OF FEDERAL LAW § 6:1 (Dec. 2014).

[13] *See* 42 U.S.C. § 12112(a) (West 2014).

[14] *See* 42 U.S.C. § 12102(2) ("(A) For purposes of paragraph (1), major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing,

4

impairment; or being regarded as having such an impairment.[15] The Code of Federal Regulations defines "physical or mental impairment" as "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine."[16] Accordingly, the EEOC has advised that:

> It is important to distinguish between conditions that are impairments and physical, psychological, environmental, cultural, and economic characteristics that are not impairments. The definition of the term "impairment" does not include physical characteristics such as eye color, hair color, left-handedness, or *height*, weight, or muscle tone that are within "normal" range and are not the result of a physiological disorder.[17]

Therefore, height is a protected characteristic under the ADA only if it is outside of the normal range or the result of a physiological disorder. Plaintiff's Complaint alleges neither that her height is outside of the normal range nor that it is the result of a physiological disorder.[18] Accordingly, Plaintiff's Complaint

---

eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. (B) For purposes of paragraph (1), a major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.").

[15] *See* 42 U.S.C. § 12102(1).

[16] 29 C.F.R. § 1630.2.

[17] 29 C.F.R. § Pt. 1630, App.

[18] *See McElmurry v. Arizona Dep't of Agric.*, No. 12-02234, 2013 WL 2562525, at *4 (D. Ariz. June 11, 2013) (holding that defendant's motion to dismiss for failure to state a claim was denied because plaintiff alleged that her height was outside of the normal range).

fails to state a claim for relief under the ADA, and her claim is dismissed. Plaintiff is granted leave to amend her Complaint within 30 days of the entry of this order if she can plausibly state a cause of action under the ADA .

## CONCLUSION

For the foregoing reasons, this Motion is GRANTED. Plaintiff's Title VII claims are DISMISSED WITH PREJUDICE; all other claims are DISMISSED WITHOUT PREJUDICE.  Plaintiff is granted leave to amend the ADA claims in her Complaint within 30 days of the entry of this order.

New Orleans, Louisiana, this 8th day of December, 2014.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**